**Reginald DURK, Appellant,**

v.

**AMERICAN AUTOMOBILE INSURANCE COMPANY, Appellee.**

**No. 13824.**

Court of Civil Appeals of Texas.

Houston.

Jan. 11, 1962.

John B. Womack, Jr., Harry Burns, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Gibson Gayle, Jr., James B. Sales, Houston, for appellee.

BELL, Chief Justice.

This is a workmen's compensation case. Appellant was a meat cutter employed by Commercial Wholesale Meat Company. On August 19, 1958, he received an injury while working within the course and scope of his employment. As found by the jury the accident caused a hernia and an injury to his back. The jury found the hernia was caused by the accident and awarded appellant recovery therefor. No complaint is here made of that recovery. The record shows a complete recovery, after an operation, from the hernia. As mentioned above, the jury also found the appellant received an accidental injury to his back. However the jury then found, in answer to Special Issue No. 2, that the injury to the back was not the producing cause of any incapacity. Too, the jury found in answer to Special Issue No. 18 that the hernia was the sole cause of appellant's incapacity.

Here the sole question for our determination is whether the jury's finding that the injury to the back produced no incapacity is so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly unjust

█ In determining whether the evidence is insufficient to support a jury's answer to an issue, we must consider the whole record. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Bardwell v. Anderson, Tex.Civ.App., 325 S.W.2d 929, ref., n. r. e.; Dyer v. Sterett, Tex.Civ.App., 248 S.W.2d 234. In appraising the record, we may not substitute our judgment for that of the jury just because we, had we been the triers of the facts, would have found differently from the jury. Their findings must be so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong. Continental Bus System, Inc. v. Biggers, Tex.Civ.App., 322 S.W.2d 1, ref., n. r. e.

Under the Workmen's Compensation Law it is not merely an injury for which compensation is provided but on the contrary compensation is to be made only for such incapacity as has been caused by the general injury, such as we have here.

Appellant was injured while lifting a heavy section of beef at the Commercial Wholesale Meat Company on August 19, 1958. He states he felt intense pain on his right side from the middle of his back at the hip line to his abdominal region. Despite the pain caused by the injury, he continued work for five or six weeks when it was necessary to have the hernia repaired. His real complaint up to this point had been of the pain associated with the hernia. When appellant went to have the stitches removed he complained of low back pain but his doctor attributed the pain to the use of a spinal anaesthesia in the hernia operation. When the pain continued, appellant was sent to another doctor for x-rays. A myelogram was run. The x-rays taken evidenced a narrowing of the disc space between L–4 and L–5. Appellant was then sent to an orthopedic specialist for clinical examination. The clinical examination was consistent with the showing of the x-ray. The doctor testified it was his opinion that appellant suffered a ruptured disc and was not able to work. However, he also testified such an injury affected different people differently.

Other testimony was from appellant's wife and some friends who had only social contact with him. They testified in substance to personality changes evidenced by a change from being a rather vivacious, energetic person who showed marked interest in things about him to a person who seemed tired and uninterested in what was going on about him.

The record shows that shortly after appellant recovered from his operation, he procured a job as meat cutter in a retail store of Henke and Pillot at a wage of $95.00 per week. At the time of trial his weekly wage was $97.00. Prior to the in-

jury his weekly wage had been $85.00. Appellant continued to work for his new employers at two different stores from December, 1958 until trial in November, 1960. He had missed no time from work due to any illness or injury. His employer's representatives testified that his work was pleasing and he would continue to have his job. His fellow employees, including his supervisors, testified that appellant did his work well and made no complaint of injury or pain from injury. His hours on the new job were 40 per week while at the old job he worked 68 hours per week. However, the work was substantially the same.

■ We have merely summarized the substance of the whole record. We feel the evidence is such that it would have supported a jury finding either way on the issue of incapacity. We are unable, however, to say that the jury finding of no incapacity is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong.

The judgment of the trial court is affirmed.